IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

**BRANDI LANE MASSEY,**                                                                 **PLAINTIFF**

v.                                                      **CIVIL ACTION NO. 2:12cv013-SAA**
                                                              **LEAD CASE, CONSOLIDATED**

**MICHAEL J. MASSEY, TERRI MASSEY,**
**LYNDALE FARMS OF SENATOBIA, MISSISSIPPI,**
**A General Partnership, LYNDALE FARMS OF SENATOBIA,**
**MISSISSIPPI, INC., LYNDALE FARMS EQUIPMENT, LLC,**
**MICHAEL MASSEY, JR., LYNDALE FARMS (2004),**
**MICHAEL MASSEY, INC., MIKE AND MICHAEL, INC.;**
**MIKE AND ELIZABETH, INC., and LYNDALE FARMS (2009)**        **DEFENDANTS**

CONSOLIDATED WITH

**MICHAEL J. MASSEY, D/B/A LYNDALE**
**FARMS OF SENATOBIA, MISSISSIPPI,**                                    **PLAINTIFF**

v.                                                      **CIVIL ACTION NO. 2:12cv076-SAA**

**BRANDI LANE MASSEY AND**
**SYCAMORE BANK,**                                                              **DEFENDANTS**

**MICHAEL J. MASSEY, D/B/A LYNDALE**
**FARMS OF SENATOBIA, MISSISSIPPI,**                                    **PLAINTIFF**

v.                                                      **CIVIL ACTION NO. 2:12cv077-SAA**

**BRANDI LANE MASSEY AND**
**SYCAMORE BANK,**                                                              **DEFENDANTS**

**MICHAEL J. MASSEY, D/B/A LYNDALE**
**FARMS OF SENATOBIA, MISSISSIPPI,**                                    **PLAINTIFF**

v.                                                      **CIVIL ACTION NO. 2:12cv078-SAA**

**BRANDI LANE MASSEY AND**
**SYCAMORE BANK,**                                                              **DEFENDANTS**

**MEMORANDUM OPINION**

Defendants Michael J. Massey, Terri Massey, Lyndale Farms of Senatobia, Mississippi a General Partnership, Lyndale Farms of Senatobia, Mississippi, Inc., Lyndale Farms Equipment, LLC, Lyndale Farms (2004), Michael Massey, Inc., Mike and Michael, Inc., Mike and Elizabeth, Inc., and Lyndale Farms (2009) (hereinafter "defendants") have moved to dismiss Plaintiff's Amended Complaint and Brandi Lane Massey's Counterclaims. Docket ## 35, 62, 136.[1] Plaintiff has filed a responsive brief and all parties have provided additional briefing at the request of the undersigned.[2] After reviewing the motion, response and additional briefing, the court finds that defendants' Motion to Dismiss should be granted in part and denied in part.[3]

## I. Facts

This case arises out of a dispute between Brandi Massey ("Brandi") and her uncle, Michael J. Massey ("Mike") growing out of Mike's conduct as trustee of Brandi's estate and as her co-tenant of property ("the Land") which Mike and his brother, Brandi's father Steve Massey ("Steve"), had owned together. Mike and Steve bought the Land on January 7, 1998 and secured a loan for the purchase with a Deed of Trust to Senatobia Bank. The Land was deeded to Mike and Steve as tenants in common with no right of survivorship.

---

[1]Defendants Lyndale Farms (2004), Michael Massey, Inc., Mike and Michael, Inc., Mike and Elizabeth, Inc., and Lyndale Farms (2009) were not served with the Amended Complaint until February 19, 2013. These defendants joined in the Motion to Dismiss Plaintiff's Amended Complaint (Docket # 62) on March 1, 2013. Docket # 136. Michael Massey, Jr. is the only defendant that has not joined in the Motion to Dismiss Plaintiff's Amended Complaint.

[2]Defendants have withdrawn their Motion to Dismiss on Grounds of Arbitration. Docket # 147.

[3]Plaintiff's Motion to Stay Ruling on Motion to Dismiss (Docket # 31) and Motion for Discovery (Docket # 33) are deemed moot.

After they bought the Land, Mike and Steve formed Lyndale Farms of Sentobia, Mississippi, a general partnership, with the partnership agreement effective on December 31, 1998. According to its own terms, the partnership was created "for the purposes of farming, row crops, and the raising and selling of livestock." On January 2, 1999, they formed a corporation, Lyndale Farms of Senatobia, Mississippi, Inc. Neither the corporation nor the partnership had any ownership interest in the Land. On March 1, 1999, Mike and Steve executed a shareholder agreement governing the corporation. After learning that Steve had cancer in early 2001, Mike and Steve amended the agreement governing the general partnership and the shareholder agreement governing the corporation on September 1, 2001 to provide for the handling of the deceased member's interests.

Steve died on December 7, 2001, leaving Brandi a one-half interest in the Land in his Last Will and Testament ("the Will"). Under the Will, Mike would hold Brandi's one-half interest in the Land in trust along with the proceeds of a life insurance policy until Brandi reached 30 years old, at which time the trust estate was to be distributed to Brandi and the trust was to terminate. Brandi turned thirty on September 11, 2007. Brandi, however, had been involved in a car accident in January 2002. Due in part to the disabilities suffered in the accident, she decided by agreement dated November 29, 2007 to allow Mike to continue to manage the trust and act as trustee. The parties disagree as to whether the original trust continued or whether a new *inter vivos* trust was created on November 29, 2007. Brandi terminated the trust on January 6, 2011 and filed suit on January 26, 2012.

## II. Standard of Review

Defendants have moved to dismiss plaintiff's Amended Complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim for which relief may be granted. A motion to dismiss under Rule 12(b)(6) challenges the legal sufficiency of a complaint and raises an issue of law. To give a defendant fair notice of a claim, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The Fifth Circuit has held that complaints "must contain either direct allegations on every material point necessary to sustain a recovery . . . or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial." *Campbell v. City of San Antonio,* 43 F.3d 973, 975 (5th Cir. 1995). When reviewing a motion to dismiss under Rule 12(b)(6), the court "accepts all well pleaded facts as true, viewing them in light most favorable to the plaintiff." *Guidry v. American Public Life Insurance Co.,* 512 F.3d 177, 180 (5th Cir.2007). "Factual allegations must be [substantial] enough to raise a right to relief above the speculative level, on assumption that all allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 554, 555, 127 S.Ct. 1955, 167 L.Ed.2d. 929 (2007). The Fifth Circuit summarizes its standard for dismissal under Rule 12(b)(6) as follows: "viewing the facts as pled in the light most favorable to the nonmovant, a motion to dismiss or for a judgment on the pleadings should not be granted if a complaint provides enough facts to state a claim to relief that is plausible on its face." *Jebaco, Inc. v. Harrah's Operating Co.,* 587 F.3d 314, 318 (5th Cir.2009).

### III.  Defendant's Motion to Dismiss Count II on Grounds of Permissive Use

Plaintiff contends that Mike permitted his wife, Terry Massey, individually and as part of three partnerships, along with Lyndale Farms, Inc., Lyndale Equipment, LLC, Michael Massey, Inc., Mike and Michael, Inc. and Michael and Elizabeth, Inc. to use and occupy the Land from December 2001 to present without having paid Brandi any rent.  Docket 55, p. 4, 11, 12.  Brandi seeks to eject these defendants from the Land and payment of rent for years during which the alleged trespass occurred.  *Id.* at 13.  Defendants respond that because these defendants were on the Land with Mike's permission, they were not trespassers and do not owe any rent, nor may they be ejected.

Under the rules governing tenancies in common, each cotenant is entitled to use, possession, and occupancy of the whole property.  *Eden Drainage Dist. v. Yazoo County v. Swaim*, 54 So.2d 547, 550 (Miss. 1951).  Additionally, cotenants are entitled to possession of the entire property, but not to the exclusion of the other cotenants.  *Williams v. Sykes*, 154 So. 727, 728 (1934).

Trespass to land is the intentional entry upon land in the exclusive possession of another without privilege or consent to enter.  Phillip McIntosh, Encyclopedia of Miss. Law § 41:43 (2012).  A trespass occurs when a person intentionally invades the land of another without a license or other right.  *Reeves v. Meridian Southern Ry., LLC*, 61 So.3d 964, 968 (Miss. App. 2011).  Further, as elaborated by the court in *Leffler v. Sharp*, "[a] trespasser is a person who enters the premises of another without license, invitation, or other right, and intrudes for some definite purpose of his own, or at his convenience, or merely as an idler with no apparent

purpose, other than, perhaps, to satisfy his curiosity." 891 So.2d 152, 158 (Miss. 2004), quoting *Kelley v. Sportsmen's Speedway*, 80 So.2d 785, 791 (1955).

Although trespass is a suitable cause of action when an individual enters upon land without authorization, no action lies when authorization has been given; numerous Mississippi courts have held that the consent of one joint owner or tenant in common is sufficient to bar a claim for trespass. *See McCorkle v. Loumiss Timber Co.*, 760 So.2d 845, 853 (Miss. App. 2000) ("Statutory damages for wrongful timber cutting resulting from a trespass are inappropriate when a cotenant has authorized the timber cutting."). *See also Bollinger-Franklin Lumber Co.*, 87 So. 486, 486 (Miss. 1921) (plaintiffs could not recover statutory penalty for cutting timber because of failure to prove lack of consent by all joint owners); *Fly Timer Co. v. Waldo*, 758 So.2d 1067, 1071 (Miss. App. 2000) ( plaintiffs could not recover statutory penalty for cutting timber because one of the joint owners defeated the claim).[4] Because these defendants were on the property with the express permission of Mike Massey, a cotenant, Brandi may not maintain a claim for trespass, and her claim for trespass should be dismissed.

Further, Brandi's claim for ejectment must be also dismissed. "To justify action of ejectment by tenant in common against cotenant, plaintiff must have been either actually turned out of possession of land by defendant, or defendant's possession must have been evinced in such way as to amount to total denial of right of plaintiff to possession." *Sam v. Allen*, 120 So. 568, 569 (Miss. 1929). The *Allen* court's statement that "[t]he receipt by the defendant of all the

---

[4]Both *Bollinger* and *Waldo* involve the unauthorized cutting of timber on property owned by cotenants, the exclusive remedy for which is under MISS. CODE ANN. § 95-5-10. Both cases, however, indicate that the claim is a form of trespass, and the consent by a cotenant defeats such a claim.

rents and profits of the land, claiming them as his own, and his refusal, upon demand, to let the plaintiff enter possession, constitute a sufficient ouster of the latter by the former," *id.*, does not apply to this action because Mike has not prevented Brandi from entering or using the land at any time. As such, defendants' motion to dismiss plaintiff's claims for trespass and ejectment is GRANTED.

## IV. Defendants' Motion to Dismiss Conversion Claim for Failure to State a Claim.

Plaintiff alleges that Mike Massey, as her cotenant, "exercised exclusive control over the Land and failed to pay rent, account for the income or pay her the income she is due derived from her interest in the Land as a tenant in common [and] has received CRP credits and farm subsidies and converted and misappropriated Brandi Massey's interest in those funds." Docket 55, p. 14.

Defendants assert that there is no legal basis for a conversion claim against a co-tenant. The Mississippi Supreme Court has held that "[t]o make out a conversion, there must be proof of a wrongful possession, or the exercise of a dominion in exclusion or defiance of the owner's right, or of an unauthorized and injurious use, or of a wrongful detention after demand." *Miss. Motor Finance, Inc. v. Thomas*, 149 So.2d 20, 23 (Miss. 1963). Stated differently, "conversion requires the intent to exercise dominion or control over goods inconsistent with the true owner's right." *Smith v. Franklin Custodian Funds, Inc.*, 726 So.2d 144, 149 (Miss. 1998). Although Mississippi law clearly recognizes a general claim of conversion, Mississippi courts have not addressed the issue of whether one cotenant may bring a conversion action against another cotenant for failure to pay profits gained from the commonly owned property. This case

7

involves more than just a claim of a cotenant for failure to pay profits gained from commonly owned property – it also involves a claim of conversion of the rents that Mike allegedly owed Brandi under the Partnership Agreement. The parties disagree as to the meaning of the language concerning rent obligations under the Partnership Agreement, and there are clearly fact issues relating to what occurred with the rent proceeds that might have been due to Brandi's estate. If Mike was in fact required to pay the estate rent under the Partnership Agreement, and he did not do so, Brandi might very well succeed on a claim for conversion of those funds. These issues of fact relating to Brandi's conversion claim defeat defendants' Motion to Dismiss as to Count V. Therefore, defendants' Motion to Dismiss Count V is DENIED.

### V.  Motion to Dismiss Count VIII Tennessee Adult Protection Act on Grounds of Conflict of Law.

Plaintiff alleges that she has a permanent disability due to her January 2002 automobile accident. She contends that Tennessee law applies to support a claim against all defendants under the Tennessee Adult Protection Act, TENN. CODE ANN. § 71-6-120, which is designed to protect adult Tennesseans from abuse, neglect or exploitation. Docket 55, p. 15. A federal district court sitting in a diversity jurisdiction case applies the conflict of law rules of the state in which it sits. *Klaxon Co. v. Stentor Electric Manufacturing Co.*, 313 U.S. 487, 496 (1941). Defendant asserts that under Mississippi's conflict of law analysis, Mississippi law governs, and plaintiff may not pursue any claim under the Tennessee Adult Protection Act.

Mississippi courts have adopted the "most significant relationship" or "center of gravity" test enunciated in the Restatement (Second) of Conflicts of Law to determine which state's law applies. *McDaniel v. Ritter*, So.2d 303, 310-11 (Miss. 1989) ("The rights and liabilities of the

parties with respect to an issue in tort are determined by the local law of the state which, with respect to that issue, has the most significant relationship to the occurrence and the parties."). This test focuses on which state has a greater amount of substantial contacts with the parties and subject matter. *O'Rourke v. Colonial Insurance Co. of California*, 624 So.2d 84, 88 (Miss. 1993); *see also Spragins v. Louise Plantation, Inc.*, 391 So.2d 97, 99-100 (Miss. 1980) ("Center of gravity doctrine is a rule whereby a court trying action applies law of place which has most significant relationship to event and parties, or which, because of relationship or contact with event and parties, has greatest concern with specific issues with respect to liabilities and rights of parties to litigation."). Under the "center of gravity" test, Mississippi courts evaluate different factors depending upon whether the incident is one of tort or contract.[5] *See Zurich American Insurance Co. v. Goodwin*, 920 So.2d 427, 435 (Miss. 2006); *see also McDaniel*, 556 So.2d at 310. The particular claim at issue is one of tort. Therefore, the courts look to "(a) the place where the injury occurred, (b) the place where the conduct causing the injury occurred, (c) the domicile, residence, nationality, place of incorporation and place of business of the parties, [and] (d) the place where the relationship, if any, between the parties is centered." *McDaniel*, 556 So.2d at 310. These factors, however, are merely guideposts rather than rigid, all-inclusive elements. *Id.* In *Zurich American Insurance Co. v. Goodwin*, plaintiffs filed suit after a traffic accident in Lauderdale County, Mississippi. 920 So.2d at 431. A key issue involved insurance coverage and whether Mississippi or Iowa law applied. *Id.* The court used the "center of

---

[5] For contractual conflict of law issues, Mississippi courts look at the place of contracting, the place of negotiation of the contract, the place of performance, the location of the subject matter of the contract, and the domicile, residence, nationality, place of incorporation and place of business of the parties.

gravity" test and held that Iowa law applied because the conflict involved Iowa parties, an Iowa transaction, and an Iowa contract. *Id.* at 436-37. The court thus rejected plaintiff's argument that Mississippi law should apply because the accident occurred there and that Mississippians would be affected by the decision. *Id.* at 436.

*Liberty Mutual Insurance Co. v. Shoemake*, involved a subrogaton claim arising from a collision between a truck and a train in Tuskegee, Alabama. 2012 WL 1925646 (Miss. App. 2012). The Mississippi Court of Appeals held that even though the injury and negligent conduct causing the injury occurred in Alabama, Mississippi law applied because Shoemake was a Mississippi resident, his employer was a Mississippi company, and Shoemake received workers' compensation benefits under Mississippi law. *Id.* at *5.

In *O'Rourke v. Colonial Insurance Co. of California*, Memphis residents were involved in an accident with a DeSoto County resident on Highway 51. 624 So.2d 84 (Miss. 1993). The case required a decision whether Tennessee or Mississippi law applied to the plaintiff's uninsured motorist insurance coverage.[6] *Id.* at 85-86. The court held that Tennessee had the most substantial contacts with the parties and the subject matter because plaintiffs were residents of Tennessee, the insurance policy was issued through an insurance agency in Tennessee, and the premiums were paid through a Tennessee agent. *Id.* at 87.

After reviewing the undisputed facts relating to these issues, the court is of the opinion that Mississippi law controls. All of the defendants reside in Mississippi, and the corporate defendants were all formed and have their principal places of business in Mississippi. All of the

---

[6]If Tennessee law applied, the owned vehicle exclusion clause would be valid and enforceable, thereby preventing plaintiff's from "stacking" their policies. If Mississippi law applied, plaintiffs would have been able to "stack" their policies and recover a higher amount.

documents and contracts involved in this litigation were drafted, signed and executed in Mississippi, including the Partnership Agreement, the Buy/Sell Agreement, and Steve Massey's Last Will and Testament. Steve Massey's estate was probated in Mississippi, and the testamentary trust at issue was established in Mississippi. The Land at issue is in Mississippi, including both the family farm and the Gitter Road property. The loans at issue were from Mississippi Banks. However, there are a few contacts with Tennessee. Brandi resides in Tennessee, she executed the Trust Continuation agreement in Tennessee, and she alleges that some of the trust money was wrongfully invested in property in Tennessee. Brandi asserts that her "domicile in Tennessee gives Tennessee the greatest interest in seeing her remunerated." Docket 21, p. 22. However, Mississippi cases have specifically held that residence of one party does not in itself generate an interest by a state that is superior to that of another state. *Goodwin*, 920 So.2d at 436. The court finds that the center of gravity rests in Mississippi, and, therefore, defendant's motion to dismiss plaintiff's claims under the Tennessee Adult Protection Act is GRANTED.

### VI. Defendants' Motion to Dismiss on the Grounds that the action is barred by the Statute of Limitations

Defendants move to dismiss Counts I and IV of the Amended Complaint relating to Mike's alleged actions as trustee of the testamentary trust. Mike asserts that the three-year statute of limitations has run as to claims arising out of Mike's handling of the testamentary trust. He further asserts that what Brandi refers to as the Trust Continuation Agreement was actually a new Intervivos Trust, and, therefore, the statute of limitations has run as to all trust related claims except those related to the new Intervivos Trust. Plaintiff, on the other hand,

contends that the proper statute of limitations is actually the ten-year statute of limitations, and it has not yet begun to run because the testamentary trust was never distributed pursuant to the Last Will and Testament of Steve Massey.

The Mississippi Supreme Court has acknowledged that a trust does not terminate until the purpose of the trust is accomplished. *Peoples Bank v. D'Lo Royalties, Inc.*, 235 So.2d 257, 266 (Miss. 1970). Typically this does not occur until the trustee accounts for and conveys the trust property to the persons entitled to it. *Id.* ("Unless purpose of trust is accomplished, a trust does not terminate until the trustees have finally accounted and conveyed the trust property to the persons entitled to it on the termination of the trust."). Additionally, even though a trust explicitly indicates a date in which the trust terminates, a trustee is not relieved of his or her duties on the specific date by such a provision. *Id.* at 257. Although not a Mississippi case, the Supreme Judicial Court of Massachusetts stated that a "[t]rust, even one of fixed term, generally does not terminate until corpus is distributed by trustees." *See Franklin Found. v. Att'y Gen.*, 623 N.E.2d 1109, 1112-13 (Mass. 1993).

The Last Will and Testament of Steven H. Massey specifically dictates that "[w]hen [Brandi] reaches the age of thirty (30) years, the Trustee shall distribute the Trust Estate to said beneficiary. *Upon the distribution of the Trust Estate to the beneficiary*, said Trust shall terminate." (Emphasis the court's). Based upon Mississippi law and the clear language of the Last Will and Testament, the court concludes that the testamentary trust never ended because Mike never carried out its purpose and distributed the Trust Estate. Therefore, defendants' Motion to Dismiss Counts I and IV of the Amended Complaint is DENIED.

## VII. CONCLUSION

For the foregoing reasons, the court finds that the Defendant's Motion to Dismiss is well taken and should be granted in part and denied in part. Defendant's Motion to Dismiss as to Counts II and VIII is GRANTED and as to Counts I, V and VI is DENIED.

This the 27th day of March, 2013.

    /s/ S. Allan Alexander
UNITED STATED MAGISTRATE JUDGE