**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION**

**BRANDI LANE MASSEY,**                                                         **PLAINTIFF**

v.                                                              **CIVIL ACTION NO. 2:12cv013-SAA
LEAD CASE, CONSOLIDATED**

**MICHAEL J. MASSEY, TERRI MASSEY,
LYNDALE FARMS OF SENATOBIA, MISSISSIPPI,
A General Partnership, LYNDALE FARMS OF SENATOBIA,
MISSISSIPPI, INC., LYNDALE FARMS EQUIPMENT, LLC,
MICHAEL MASSEY, JR., LYNDALE FARMS (2004),
MICHAEL MASSEY, INC., MIKE AND MICHAEL, INC.;
MIKE AND ELIZABETH, INC., and LYNDALE FARMS (2009)**      **DEFENDANTS**

CONSOLIDATED WITH

---

**MICHAEL J. MASSEY, D/B/A LYNDALE
FARMS OF SENATOBIA, MISSISSIPPI,**                            **PLAINTIFF**

v.                                             **CIVIL ACTION NO. 2:12cv076-SAA**

**BRANDI LANE MASSEY AND
SYCAMORE BANK,**                                                        **DEFENDANTS**

---

**MICHAEL J. MASSEY, D/B/A LYNDALE
FARMS OF SENATOBIA, MISSISSIPPI,**                            **PLAINTIFF**

v.                                             **CIVIL ACTION NO. 2:12cv077-SAA**

**BRANDI LANE MASSEY AND
SYCAMORE BANK,**                                                        **DEFENDANTS**

---

**MICHAEL J. MASSEY, D/B/A LYNDALE
FARMS OF SENATOBIA, MISSISSIPPI,**                            **PLAINTIFF**

v.                                             **CIVIL ACTION NO. 2:12cv078-SAA**

**BRANDI LANE MASSEY AND
SYCAMORE BANK,**                                                        **DEFENDANTS**

**MEMORANDUM OPINION**

Defendant Michael Massey, Jr. has moved to dismiss Plaintiff's Amended Complaint for failure to state a claim upon which relief can be granted and for insufficient service of process and moves for a judgment on the pleadings. Docket 142, 143. After reviewing the motion, plaintiff's response (Docket 161, 162) and reply (Docket 167), the court holds that the motion should be GRANTED.

Plaintiff filed an Amended Complaint on October 9, 2012 (Docket 55) in which she named the movant as a new defendant. Docket 55. The movant is the son of Mike Massey. Plaintiff did not seek a waiver of service of process from movant and did not serve him until February 8, 2013, more than 120 days after filing the Amended Complaint. The plaintiff's Amended Complaint against Michael Massey, Jr. is dismissed for the following reasons: (1) the Amended Complaint fails to state a claim of relief against Michael Massey, Jr.; (2) even if the Amended Complaint did state a claim of relief against him, the statute of limitations bars a claim to set aside the deed at issue; and (3) plaintiff herself testified that she has no claim to the property purchased by Michael Massey, Jr.

Plaintiff's complaint fails to state any claim against Michael Massey, Jr. upon which relief may be granted. Michael Massey, Jr. is only mentioned three times in the Amended Complaint, one of which states his address for purpose of service of process. Docket 55, p. 5, 10, 16. The remaining two references are: "In 2006, Mike Massey gifted or sold 4.6 acres of the land to Michael J. Massey, Jr., in violation of his fiduciary duties to Brandi Massey. . . . In July, 2006, Mike Massey's [sic] conveyed 4.6 acres of land to Michael, Jr." *Id.* at 10, 16. Despite plaintiff's assertion that she has "pled specific facts which, taken as true, would result in

rendering void or voidable the transaction in which Mike Massey transferred trust property to his son, Michael Massey, Jr., there is actually no claim for relief against Michael Massey, Jr. in the Amended Complaint.

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554 (2007). The *Twombly* Court noted that "[w]hile, for most types of cases, the Federal Rules eliminated the cumbersome requirement that a claimant 'set out in detail the facts upon which he bases his claim, Rule 8(a)(2) still requires a showing, rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only fair notice of the nature of the claim, but also grounds on which the claim rests." *Id.* at 556. In *Erwin v. Russ*, the Fifth Circuit found that *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Twombly* held that:

> Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a Plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible cause for relief survives a Motion to Dismiss . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but has not shown - that the pleader is entitled to relief.

*Erwin v. Russ*, 481 Fed. Appx. 128, 131 (5th Cir. 2012).

Plaintiff's Amended Complaint neither articulates any claim against nor puts forth a single allegation of misconduct on behalf of Michael Massey, Jr. There is not even enough

3

alleged for the court to *infer* any misconduct on the part of Michael Massey, Jr. He has not been provided with fair notice of the allegations against him sufficient for him to prepare any defense. Plaintiff argues that she has met "the heightened plausability standard as articulated in *Twombly* and *Iqbal*, [to] allow the court to draw the reasonable inference that Defendants are responsible for the misconduct alleged." Docket 162, p. 3. While plaintiff has pled sufficient facts for the court to infer that defendant Mike Massey – the father – might be held responsible for alleged misconduct, plaintiff has offered no facts or even allegations sufficient for the court to infer that Michael Massey, Jr. has committed any misconduct and could be held legally liable to the plaintiff. Michael Massey, Jr's Motion to Dismiss the Amended Complaint is GRANTED.

Even if plaintiff could be said to have stated a cognizable claim for relief against Michael Massey, Jr., any claim that the court could possibly contemplate was intended to have been alleged is barred by the statute of limitations. The only imaginable claim is one for fraudulent conveyance, which is subject to a three-year statute of limitations under MISS. CODE ANN. § 15-1-49. To be clear though, plaintiff has not asserted any claim of fraudulent conveyance in her Amended Complaint. In her response to the motion to dismiss, plaintiff asserts that the statute of limitations was tolled because the purchase was unknown to plaintiff and the failure to give her notice of the purchase "lulled Brandi Massey into believing that her rights as a beneficiary of the trust were indeed being protected by her trustee, therefore qualifying as the concealment of material facts that tolls the statute of limitation."[1] Docket 162, p. 10. However, the Mississippi

---

[1] In passing, plaintiff raises the fact that she was mentally impaired from her near-fatal automobile accident on January 12, 2002, as a basis for claiming that she did not have the mental capacity to understand her legal affairs and, therefore, the statute of limitations was tolled. Plaintiff only provided medical records from the year 2002 to support this assertion. According to her own sworn testimony she has been gainfully employed for at least the last five years.

Court of Appeals has specifically held that "the doctrine of concealed fraud will not toll the statute of limitations where the instrument is recorded as a matter of public record." *McWilliams v. McWilliams*, 970 So.2d 200, 203 (Miss. App. 2007). Therefore, the statute of limitations has run as to any possible claim that the purchase of the property by Michael Massey, Jr. was a fraudulent conveyance. Even further, MISS. CODE ANN. § 91-1-115 specifically provides that Michael Massey, Jr., as a third person dealing with a trustee, "is fully protected in dealing with the trustee as if the trustee possessed and properly exercised the powers he purports to exercise" and is under no duty to "assure the proper application of trust assets paid or delivered to the trustee." For these additional reasons, plaintiff's Amended Complaint as to Michael Massey, Jr. is dismissed. Of course, dismissing Massey Jr. clearly does not prevent plaintiff from pursuing any remedy against trustee Massey Sr. relating to the sale of the home and property.

    Possibly the most important reason that plaintiff's Amended Complaint as to Michael Massey, Jr. should be dismissed is the unequivocal admission by Brandi Massey that she had no intent to pursue any claim relating Massey Jr.'s purchase of the property. Docket 167-1, p. 28. Specifically, Brandi testified that she did not have any reason to question the transaction involving the sale of a home to Michael Massey, Jr., that she was not asserting that Mike Massey "tried to pull something on [her]" and that she was not asserting an interest in that property. *Id*. The court is puzzled as to why plaintiff's counsel is pursuing a claim that plaintiff herself unequivocally has testified she does not have any intent of pursuing.

---

Therefore, plaintiff's assertion that the three-year statute of limitations has not run is without basis.

Last, Michael Massey, Jr. requests that plaintiff's Amended Complaint be dismissed for failure to timely accomplish service of process. Massey, Jr. is in a different position in this litigation from the other newly-named defendants that were untimely served. The court has denied a Motion to Dismiss filed by the other newly named defendants, finding that the brief delay in service upon them did not prejudice them because the owners and officers of the new corporate defendants were already involved in this litigation, and they are represented by attorneys that were already involved in this litigation on behalf of other defendants. However, Michael Massey, Jr. was not involved in this action until he was served on February 8, 2013 – over a year after suit was filed and only four months before trial. If the court did not already have various other reasons to dismiss the Amended Complaint as to Michael Massey, Jr., the untimely service is so prejudicial as to him that it would necessitate dismissal, or at the very least a continuance of trial and the reopening of discovery.

For the foregoing reasons, the court finds that the Michael Massey, Jr.'s Motion to Dismiss is GRANTED.

This, the 20th day of May, 2013.

/s/ S. Allan Alexander
UNITED STATES MAGISTRATE JUDGE